RACHEL BROWN, Respondent, v. CONNECTICUT FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

St. Louis Court of Appeals, May 8, 1917.

1. **FIRE INSURANCE: Action on Policy: Pleading: Departure.** In an action on a fire insurance policy, the petition alleged that plaintiff owned the property insured. The answer averred that the policy provided it would be void if the interest of the insured was other than the sole and conditional ownership, and that plaintiff was not the sole owner of the property, but, on the contrary, the legal title to the same was in plaintiff and her husband as tenants by the entirety, and the policy was, therefore, void. The reply set up that plaintiff was the real and equitable owner of the property, that the property had been purchased with her money, and that if the legal title thereto appeared to be in her name and that of her husband as tenants by the entirety, her husband held only the legal title thereto and held the same in trust for plaintiff. *Held*, that the claim of equitable ownership set up in the reply was not a departure from the original cause of action counted upon in the petition, since the petition contained a general allegation of ownership, which was broad enough to permit plaintiff to show either a legal or an equitable title, and, therefore, the trial court did not err in refusing the strike out said allegation, on defendant's motion therefor.

2. ———: ———: **Sole Ownership: Equitable Title.** In such case, where the uncontradicted testimony showed that the property insured was purchased with plaintiff's money, and that plaintiff's

husband, who attended to the transaction, instead of having the deed made to her alone, as he was instructed to do, had it made out to her and himself, and plaintiff was ignorant of this fraud practiced upon her at the time the insurance was effected, and no showing was made that plaintiff practiced or intended any fraud on defendant insurer, *held* that the equitable title was clearly in plaintiff, and that such title was sufficient to satisfy the requirement of a clause in the policy, to the effect that the policy would be void if the interest of insured was other than the sole and unconditional ownership.

3. ————: Policy Provisions: Knowledge of Foreclosure Proceedings: Construction. A provision of a fire insurance policy, that it will be void if, with the knowledge of insured, foreclosure proceedings be commenced or notice given of sale of any property covered by the policy by virtue of any mortgage or deed of trust, must be given as favorable a construction to insured as is reasonably possible.

4. ————: ————: ————: ————: ''Knowledge.'' The word ''knowledge'' in such provision means having information as to a fact, and hence the provision applies only where the insured has *actual* knowledge that foreclosure proceedings have been commenced or that notice of sale has been given.

5. ————: Action on Policy: Policy Provisions: Knowledge of Foreclosure Proceedings: Sufficiency of Evidence. In an action on a fire insurance policy, defended on the theory that the policy was void, under one of its provisions to the effect that it would be void if, with the knowledge of insured, the property insured be advertised for sale under a deed of trust, by reason of the fact that, with the knowledge of insured, the property was advertised for sale under a deed of trust, evidence *held* insufficient to show that insured had *actual* knowledge that the property had been so advertised for sale, and hence it is *held* that defendant failed to establish such defense.

6. HUSBAND AND WIFE: Agency of Husband: Evidence. To establish an agency of the husband on behalf of the wife, the evidence must be cogent and strong and more satisfactory than is required between persons occupying different positions.

7. ————: ————: Admissibility of Husband's Statements Against Wife. In an action on a fire insurance policy, where it was shown that the property insured was purchased with plaintiff's money, but that plaintiff's husband, who attended to the transaction, in violation of his instructions fraudulently took the title in the name of plaintiff and himself, instead of in plaintiff's name alone, *held* that statements made by the husband relating to plaintiff's cause of action, in her absence, without her knowledge or consent and without any showing that she had constituted him her agent, were inadmissible in evidence against her.

8. **FIRE INSURANCE:** Action on Policy: Instructions. In an action on a fire insurance policy, *held* that the court did not err in giving instructions for plaintiff nor in refusing instructions requested by defendant.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*Seymour Edgerton* and *Bernard Greensfelder* for appellant.

(1) Defendant's motion to strike out part of the reply should have been sustained. It was not proper to permit plaintiff to plead an equitable title in her reply when she alleged in her petition that she was the legal owner. A plaintiff must recover, if at all, upon the cause of action stated in the petition, and not upon one stated in the reply. Mathieson v. St. L. & San Francisco R. R., 219 Mo. 542-552; Ham v. St. L. R. R. Co., 149 Mo. App. 200; Mess v. Fitch, 212 Mo. 484-502; Schwabe v. Moore, 187 Mo. App. 74; Heill v. Mining Co., 119 Mo. 9-30; Mohney v. Reed, 40 Mo. App. 99; Rhoder v. Holladay Klotz Co., 105 Mo. App. 279-314; Milliken v. Commission Co., 202 Mo. 637-654. (2) The giving of notice of sale under a deed of trust with the knowledge of the assured avoids the policy. Springfield Steam Ldry Co. v. Traders' Ins. Co., 151 Mo. 90; Pearson v. German Ins. Co., 73 Mo. App. 480; Norris v. Hartford F. Ins. Co., 55 S. C. 450, 33 S. E. 566; Delaware Ins. Co. v. Greer, 120 Fed. 916, 61 L. R. A. 137; Merchants' Ins. Co. v. Brown, 77 Md. 79; Kelly v. St. Paul F. & M. Ins. Co., 56 Fla. 456, 47 So. 742. (3) Agency may be proved from facts and circumstances in evidence, by the conduct of the parties and the course of dealing between them. Direct evidence of the existence of the agency is not necessary. Meux v. Haller, 179 Mo. App. 466; Mosely v. Commission Co., 91 Mo. App. 500; Graham Paper Co. v. St. J. T. P. & P. Co., 79 Mo. App. 504. (4) If there is any substantial evidence tending to show agency, the

question is one of fact to be submitted to the jury.
Mosely v. Commission Co., 91 Mo. App. 500; Meux v.
Haller, 179 Mo. App. 466. (5) The question of the
agency of husband for wife is a question of fact to be
determined by the jury, as in other cases of agency by a
fair preponderance of the evidence. Long v. Martin, 71
Mo. App. 569, 152 Mo. 668; Marble v. Ins. Co., 43 Mo.
586; Edward v. Knapp. 97 Mo. 432; Graham Paper Co.
v. St. J. T. P. & P. Co., 79 Mo. App. 504. (6) Knowl-
edge acquired by an agent in the course of the agency is
the knowledge of the principal. City Bank v. Phillips,
22 Mo. 85; Mechanics' Bank v. Schuenberg, 38 Mo. 228;
Hickman v. Green, 123 Mo. 165; Hedrick v. Beiler, 110
Mo. 91; Kearney Bank v. Froman, 129 Mo. 127; Mer-
chants' Nat'l Bank v. Lovett, 114 Mo. 519.

*George E. Booth* and *Charles E. Morrow* for re-
spondent.

(1) The petition charged ownership in general and
evidence tending to prove an equitable ownership was
competent under the petition, and an equitable title at
time of the loss is sufficient. Gaylord v. Ins. Co., 40 Mo.
117; Lingenfelter v. Ins. Co., 19 Mo. App. 268; Nute v. Ins.
Co., 109 Mo. App. 585; 19 Cyc. 692; Richards on Insur-
ance (3 Ed.), pp. 336-337. But the defendant pleaded in
its answer a specific conveyance to, and record title in,
the plaintiff and her husband, and it was proper for the
plaintiff to reply that if the record title was in plaintiff
and her husband that the property was purchased with
her funds and she was the equitable owner thereof, and
if he held any bare legal title it was in trust for her. The
defendant can in no way be prejudiced by being thus
specifically informed of the facts, and the reply was not
a departure. Besides the solemn admission of owner-
ship in plaintiff made by defendant in its original an-
swer was not explained by defendant in its evidence and
became conclusive on it and was no longer even a jury
question. Steele v. Railroad, 265 Mo. 97. (2) There
was no evidence tending to prove that plaintiff's husband
was her agent. In such cases "the evidence must be

cogent and strong, and more satisfactory than would be required between persons occupying different relations. No agency can be implied." Bank of Ravenna v. Dobbins, 96 Mo. App. 693; Long v. Martin, 152 Mo. 668; Eystra v. Capelle, 61 Mo. 578. (3) The plaintiff's knowledge of the notice of sale of the property, as the term knowledge is used in the policy, means actual knowledge, as distinguished from constructive knowledge or constructive notice. There is a difference between want of knowledge and want of notice. Knowledge must be actual and personal. One may have notice constructively, but to have knowledge he must have been informed and know. 12 Am. & Eng. Ency. of Law (1 Ed.), p. 527; Hill v. Utley, 155 Mo. 232; State v. Ransberger, 106 Mo. 135; Fidelity & Casualty Co. v. Gates City National Bank, 97 Ga. 634; Clark v. Ingram, 107 Ga. 565; Cleveland Wooden Mills v. Sibert, 81 Ala. 140; People v. Carroll, 58 Tenn. (11 Heisk.) 417. "Notice is information of a fact actually communicated to a person or presumed by law to have been acquired by him and is equivalent in its legal effect to full knowledge of the fact, and to which the law attributes the same consequences as would be imputed to knowledge. 16 Am. Eng. Ency. of Law (1 Ed.), pp. 787-788. (4) The clause in the policy, "if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of the sale of any property covered by this policy, by virtue of any mortgage or deed of trust," the policy shall be void, means that the policy shall become void only when the insured has knowledge of the giving of the notice of sale before or at the time the same was given. Bellevue Roller Mill Co. v. Insurance Co., 39 Pac. 196; North British & M. Ins. Co. v. Freeman, 33 S. W. 1091; Insurance Co. v. Davis, 84 S. W. 260. The last case above cited reviews all of the authorities. Some courts have placed a different construction upon this clause in the standard policy. (Schroeder v. Ins. Co., 132 Cal. 18; Delaware Ins. Co. v. Greer, 120 Fed. 916). However, under the rule of construction in Missouri, if the language is at all doubtful or ambiguous, it must be strictly construed against the com-

pany and in such a way as not to work a forfeiture of the policy. Stix v. Indemnity Co., 175 Mo. App. 171. Numerous decisions in this State are to the same effect. Still v. The Connecticut Fire Ins. Co., 185 Mo. App. 550; Reality Co. v. Ins. Co., 179 Mo. App. 138; Grocery Co. v. Fidelity, Etc. Co., 130 Mo. App. 421; Mining Co. v. Casualty Co., 143 Mo. App. 555; Beile v. Protective Assn., 155 Mo. App. 629; Wise v. Accident Ins. Co., 186 Mo App. 22; Stark v. Ins. Co., 176 Mo. 574. When a fire insurance company doing nation-wide business has employed language which has become the subject of seriously conflicting judicial interpretation, it should be held to have adopted and this court should adopt that construction most favorable to the insured. Schmohle v. Ins. Co., 177 S. W. 1108.

BECKER, J.—This is an action brought by Rachel Brown against the Connecticut Fire Insurance Company, of Hartford, Connecticut, to recover a proportionate amount of the damage caused to her home by fire, said home being covered by a policy of insurance issued by the defendant company. There were several other policies of insurance on the said property, one of which was issued by the Providence-Washington Insurance Company, whom said Rachel Brown sued in a separate action, judgment in which case by stipulation of counsel is to abide the result in this case. On trial before a jury, a judgment was rendered in favor of the plaintiff and against the defendant in the sum of $915; $650 of this amount being the proportionate part of the estimated amount of damage by fire, together with interest on such sum, and the remainder, $265, being for attorneys' fees and damages. On motion for a new trial the court ordered that said motion be overruled upon the plaintiff entering a remittitur of $265. The remittitur was made and judgment duly entered against the defendant, appellant here, for $650, from which judgment defendant appeals.

Plaintiff's petition contains a general allegation of ownership of the property insured. The defendant, in its second amended answer denies that plaintiff was the

owner of the property at the time the policy was issued, or at the time of the fire, and alleges that the legal title to said property was at all times in question in plaintiff, Rachel Brown and H. G. Brown, her husband, as tenants by the entirety. Plaintiff by way of reply alleges that she was in point of fact the real and equitable owner of the said property, that the property had been purchased with property and moneys belonging exclusively to her and that if the legal title thereto appeared in her name and that of H. G. Brown, her husband, as tenants by the entirety, the said H. G. Brown held only the legal title thereto and held same in trust for plaintiff.

The policy of insurance contains a clause which provides that it should be void, "if the interest of the insured be other than unconditional and sole ownership." And it also provides that the policy shall be void, "*if with the knowledge of the insured* foreclosure proceedings be commenced, or notice given of sale of any property covered by this insurance by virtue of any mortgage or trust deed." (Italics ours.)

The facts developed at the trial show that Rachel Brown, the plaintiff, was unable to read or write; that plaintiff had, with property and moneys belonging to her, in 1904, purchased a home, but that the deed was made out in the name of said Rachel Brown and H. G. Brown, husband and wife. This fact, however, was unknown to the plaintiff until April, 1907; when she learned of the fact that the property was not in her name, her husband agreed to rectify the matter, and they jointly, as husband and wife, made out a deed for the property to one Howey and wife who were in turn to deed the property back to the plaintiff. Again, though the connivance of the husband, the Howeys conveyed the property to Elletta Russell, a sister of plaintiff's husband, without the knowledge, and in fraud, of said plaintiff, the husband reporting that the property had been conveyed to her as agreed upon. Some five or six months afterwards, in some manner not shown in the abstract of the record, the plaintiff learned of the fact that the deed

had been made to Elletta Russell and not to her. Upon the insistence of plaintiff, the said Elletta Russell made a deed which the husband of plaintiff assured plaintiff conveyed the property to her, but, as before, through the connivance of her husband, said deed conveyed it instead to the plaintiff and her husband, as husband and wife. Plaintiff first learned of this last fraud however only when defendant filed its amended answer herein.

One Fred B. Murphy held a deed of trust upon the property and just prior to the occurrence of the fire, default having been made in the payment of the principal note secured by the said deed of trust, said Murphy had advertised the property for sale. Murphy notified the husband of plaintiff that he was so advertising the property, and plaintiff's husband came in to see him. The defendant offered to prove by said Murphy that plaintiff's husband, at the time of his visit, asked Murphy to hold up the sale of the property temporarily in order to enable him to negotiate a new loan elsewhere, and that he also asked, in the event of a new loan being made, if Murphy would be willing to turn over the papers without marking them paid, and that Murphy assented thereto. The court, upon objection of plaintiff, excluded the proffered testimony. According to plaintiff's own testimony, and it is undisputed, she knew nothing of the property being advertised for sale, and that while her husband had attended to the making of the deed of trust in question, her husband, without her authority, had done many things which she did not know of, and that her husband had left for parts unknown some time prior to the trial. Plaintiff also testified that defendant had never tendered back to her any part of the premiums paid on the policy sued on.

1    The first assignment of error on the part of the appellant is that the trial court erred in overruling defendant's motion to strike out that part of plaintiff's reply in which it is pleaded that plaintiff had an equitable title to the property. Appellant insists that respondent's reply, which sets up an equitable ownership of the property in question in respondent, is a departure

from the original cause of action set out in plaintiff's petition and does, in effect, change the suit into an action in equity instead of one in law.

Section 1809, Revised Statutes of Missouri, 1909, specifically provides that where the answer contains new matter, the plaintiff shall reply thereto denying generally or specifically the allegations controverted by him, and that plaintiff may allege any new matter not inconsistent with the petition, constituting a defense to the new matter in the answer.

The allegation set up in the reply of equitable ownership was no departure from the original cause of action set out in the petition. The petition contained a general allegation of ownership of the property in question, which allegation was broad enough to permit plaintiff to show either a legal or an equitable title thereto. Nor can the reply be held to be an abandonment of the cause of action set up in the petition, nor viewed as an entirely new cause of action, as appellant argues. We can view plaintiff's reply only in the light of an allegation of facts in avoidance of the allegation in defendant's second amended answer, that the legal title was in the husband and wife by an estate in the entirety.

We therefore hold that the trial court properly overruled defendant's motion to strike out that part of plaintiff's reply.

2. Appellant next argues that even if its motion to strike out was properly overruled, the plaintiff could not recover in view of the matter set up in her reply, in that the policy contained a provision that, "this entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured be other than sole and unconditional ownership."

The uncontradicted testimony in the case shows that the property in question was purchased with the property and moneys of the plaintiff, but that the husband of plaintiff, instead of having the deed made out in her name alone, as he was instructed to do, had the deed made out in their joint names as husband and wife; that some years later, upon the plaintiff discovering that

fact, a deed was executed by th plaintiff and her husband jointly as husband and wife to a third party with the intention of having the third party reconvey the property in question back to the plaintiff; that again when the new deed was made by the third party, instead of the deed being made in the name of the wife, the plaintiff herein, it was made to the sister of the husband of plaintiff, and when plaintiff again discovered this deception the husband had his sister make a new deed, which he assured plaintiff (and it must be remembered plaintiff could neither read nor write) conveyed the property to her, but, in point of fact, the deed conveyed the property to the plaintiff and the said husband, as husband and wife, which fraud was unknown to this plaintiff until the fact was brought to her attention by the defendant's second amended answer filed in this case.

The equitable title was clearly in plaintiff, though the legal title was held by plaintiff and her husband in an estate by entirety. Plaintiff had the equitable title at the time the insurance was written and she was possessed of that same interest in the property at the time of the loss, and no showing having been made of any fraud practiced, or intended, by the plaintiff in this respect, we hold plaintiff's ownership was sufficient to satisfy the requirement of the said clause in the policy. [Nute v. Insurance Co., 109 Mo. App. 585, 83 S. W. 83; Lingenfelter v. Phoenix Ins. Co., 19 Mo. App. 1. c. 268; Gaylord v. Lamor Fire Ins. Co., 40 Mo. 13.]

3. Appellant's next point is that clause in its policy of insurance which provides, "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, if with the knowledge of the insured foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy, by virtue of any mortgage or deed of trust."

It is undisputed that, prior to the fire, under which damage or destruction of the property covered by the policy is claimed, the property in question was advertised for sale under a deed of trust.

It is a well recognized rule of law in this State that a provision in a policy of insurance such as the one under discussion, must be given as favorable a construction to the insured as is reasonably possible, and the ground upon which this rule rests is that such provisions are put in the policy at the direction of the insurance company for its protection and benefit, the policy being issued as the business of and for profit of the company. [Mathews v. Modern Woodmen, 236 Mo. 326, 139 S. W. 151; Rochester Mining Co. v. Maryland Casualty Co., 143 Mo. App. 555, 128 S. W. 204; Century Realty Co. v. Frankfort Marine Ins. Co., 179 Mo. App. 123, 161 S. W. 624; Stix v. Travelers' Indemnity Co., 175 Mo. App. 171, 157 S. W. 870; Long Grocery Co. v. U. S. F. & G. Co., 130 Mo. App. 421, 110 S. W. 29.]

Webster's dictionary defines "knowledge" as "the act or state of knowing; clear perception of fact, truth, or duty." In the Century dictionary we find this definition: "the state of being or having become aware of fact or truth; intellectual recognition of or acquaintance with fact or truth."

Knowledge, then, is information, meaning, having information as to a fact. Viewing the word "knowledge" in the clause in the insurance policy in question in light of these definitions, the clause applies where the insured has *actual* knowledge of the foreclosure proceedings having been commenced, or notice given of the sale of the property insured under a deed of trust.

The only direct testimony on this subject found in the record is that of the plaintiff herself which is as follows: "I had no knowledge before the fire that my house was ever advertised for sale under a deed of trust. The first I knew about it was several days after the fire when some neighbor children got into dispute with my girl. They threw it up at her and she came in and told me. That was the first I knew of it."

This testimony standing uncontradicted, and holding as we do that actual knowledge on the part of the insured is necessary in order to void the policy under the said

damages for outlays expended in the preservation of clause, defendant clearly fails to make this defense available to it.

4. We are of the opinion that, with reference to the question of agency of the husband for the wife, this case falls within the ruling of the case of Eystra v. Capelle, 61 Mo. 578, as construed in Kuenzel v. Stevens, 155 Mo. l. c. 285-287, 56 S. W. 1076, as applying where the question is one of implied agency, namely, "to establish an agency of the husband on behalf of the wife, the evidence must be cogent and strong and more satisfactory than would be required between persons occupying different positions." [See, also, Long v. Martin, 152 Mo. 668, 54 S. W. 473.]

Holding as we do that actual knowledge of the wife was necessary to void the policy under the clause set out above, it was not prejudicial error for the court to have refused the testimony proffered by the defendant on the question of the husband's agency, particularly when such proffer was merely statements of the husband (the wife not being present) without any suggestion even that such statements would be shown to have been made with the knowledge or consent of the wife.

This is particularly true under the facts in this case, where it is shown that the husband had done many things with reference to the wife's (plaintiff's) property that were not authorized by her. The trial court properly excluded the testimony offered. [See Bank of Ravenna v. Dobbins, 96 Mo. App. 693, 70 S. W. 1089.]

A careful reading of the record in this case shows there was no substantial evidence adduced from which the husband's agency in this particular transaction could be fairly or reasonably inferred, and we therefore hold this question was not one for the jury.

5. We have carefully considered the other points raised in the briefs, but we do not regard them of sufficient merit to warrant discussion in the opinion. We find no error in the instructions given, and none in the action of the court in refusing the instruction requested by defendant and of which complaint is made.

We find no error in the record. The judgment of the circuit court is affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.