**CONCORDIA FIRE INS. CO. OF MILWAUKEE v. COMMERCIAL BANK OF LIBERTY, MO.**

No. 8692.

Circuit Court of Appeals, Eighth Circuit.

Feb. 13, 1930.

Rehearing Denied May 3, 1930.

Samuel Levin, of Chicago, Ill. (Frederick D. Silber, of Chicago, Ill., William S. Hogsett and Chester L. Smith, both of Kansas City, Mo., and Herbert W. Hirsh, of Chicago, Ill., on the brief), for appellant.

Henry S. Conrad, of Kansas City, Mo. (James Simrall, of Liberty, Mo., L. E. Durham and Hale Houts, both of Kansas City, Mo., on the brief), for appellee.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and MUNGER, District Judge.

GARDNER, Circuit Judge.

This is an action brought by the Commercial Bank of Liberty, Mo., to recover upon a policy of fire insurance which the appellant, Concordia Fire Insurance Company, issued to E. D. Moore, in the amount of $5,000, covering a two-story brick dwelling. The parties will be referred to as they appeared in the lower court. There was attached to the policy a National Board standard mortgage clause, which, in part, reads as follows:

"Loss, if any, payable to Commercial Bank or assigns, as mortgagee (or trustee) as such interest may appear.

"This policy, as to the interest therein of the said payee, as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title, or possession of the property, nor by any increase of hazard; provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same; and provided further that the mortgagee (or trustee) shall notify this company of the commencement of foreclosure proceedings, and of any notice of sale relating to the property, and of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and unless permitted by this policy, the same shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for any increased hazard.

"Failure upon the part of the mortgagee (or trustee) to comply with the foregoing obligations shall render the insurance under this policy null and void as to the interest of the mortgagee (or trustee)."

The policy contained the following provisions:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * + if the hazard be increased by any means within the control or knowledge of the insured; * + * or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple; * * * or if any change other than by the death of an insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazards). * * *

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of the insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto."

It is alleged in the plaintiff's petition that on or prior to August 18, 1924, E. D. Moore was indebted to the plaintiff bank in the sum of $5,000, to secure the payment of which Moore, on August 15, 1924, executed his deed of trust to the bank. It is further alleged that on January 24, 1927, the building covered by the insurance was destroyed by fire, and that at the time of the fire there was due plaintiff on Moore's indebtedness, represented by promissory note, the sum of $4,273.70, for which amount the plaintiff prayed judgment, with interest, and for penalty and attorney fees, by reason of the alleged vexatious refusal of the defendant to pay the loss.

By way of answer, the defendant alleged that, subsequent to the issuance of the policy and the attaching of the mortgage clause in favor of the plaintiff bank, the insured, Moore, conveyed the property, and that thereafter Moore's grantees entered into a contract for the sale of the property, which changes of ownership were with the knowledge of the bank, and that the plaintiff did not notify the defendant company of the changes of ownership, as required by the mortgage clause; by reason of which failure the plaintiff forfeited any right to recover

under the policy or the mortgage clause attached thereto.

The answer further alleged that although the policy provided that the building insured should be occupied only for dwelling purposes, there was a change of occupancy with the knowledge of the plaintiff, of which change the plaintiff did not notify the defendant, as required by the policy, and that, by reason of such failure of the plaintiff to notify the defendant of the increase in hazard, plaintiff forfeited any right to recover under the policy, or under the mortgage clause attached thereto.

When the cause was called for trial, the defendant moved for a dismissal because of an alleged defect of parties, in that the mortgagor was not joined as a party to the action by the plaintiff. This motion was denied, and on trial the jury returned a verdict for the amount due the plaintiff on the mortgage debt, with interest from March 24, 1927, and for penalty for vexatious refusal to pay the loss in the sum of $213.68, and for attorney fees in the sum of $1,000; the verdict amounting in the aggregate to the sum of $6,664.09, for which amount judgment was duly entered.

In the assignments of error filed by defendant with his petition for appeal, forty-six alleged errors are assigned, but, in the brief, appellant specifies and urges only seven, which may be summarized as follows: (1) That the court erred in denying defendant's motion to dismiss by reason of the defect of parties plaintiff; (2) that the court erred in denying defendant's motion to direct a verdict for the defendant made at the close of plaintiff's case; (3) that the court erred in permitting the plaintiff to cross-examine defendant's witness Simrall relative to matters not the subject of direct examination; (4) that the court erred in not instructing the jury to return a verdict in favor of the defendant because the insured building was used, subsequent to the issuance of the policy, as a rooming house for transient roomers; (5) that the court erred in charging the jury as to the knowledge of the witness Simrall of the change in occupancy, or the change of ownership, or the alleged increase in the hazard of the risk; (6) that the court erred in refusing to instruct the jury that there was no evidence that the defendant had vexatiously refused to pay the loss; and (7) that the court erred in submitting to the jury the question of penalty and attorney fees for vexatious refusal to pay the loss.

■ The question of the alleged defect of parties plaintiff was not raised by the defendant, either by demurrer or answer. It appeared on the face of the petition and should have been raised by demurrer under the Missouri practice. Missouri Revised Statutes, 1919, § 1226. Had the alleged defect not appeared on the face of the petition, the objection should then have been taken by answer. Missouri Revised Statutes, 1919, § 1230. The objection not having been so taken, it was waived.

Section 1230, Missouri Revised Statutes, 1919, also provides that, when the matters enumerated in section 1226 do not appear on the face of the petition, the objection may be taken by answer, and, "If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court over the subject-matter of the action, and excepting the objection that the petition does not state facts sufficient to constitute a cause of action." Wilson Co. v. Hartford Fire Ins. Co., 300 Mo. 1, 254 S. W. 266.

■ It is next urged that the court erred in overruling defendant's motion to direct a verdict in its favor at the close of plaintiff's case. It appears, however, that, after the motion was overruled, the defendant introduced testimony in its own behalf, and this constituted a waiver, and hence the matter need be given no further attention.

■ It is strenuously urged that the court erred in permitting plaintiff to cross-examine defendant's witness Simrall relative to matters not the subject of direct examination. The record shows the following proceedings, with reference to the cross-examination of this witness:

"Q. Mr. Simrall, following this fire, did you have any talk with Mr. Baker, the agent of this defendant company, in an effort to collect the money? A. Yes.

"Mr. Levin: I object to that, if the court please, as not cross-examination.

"The Court: Objection overruled." It is noted that the question did not call for any conversation, but was simply preliminary as to whether the witness had had such a conversation. Following this, presumably in response to questions propounded by plaintiff's counsel, the witness details such conversations as he claims to have had, all without objection. He was then interrogated as follows:

"Q. One other question—Did either one of these conversations, or any of them, over the period you have mentioned, ever state to you in words or in substance that they would

not pay on account of any change in ownership, or any contract affecting the interest or title of Mr. Moore to that property? A. No sir.

"Mr. Smith, I move to exclude the answer because it is immaterial.

"The Court: Overruled. Motion denied."

It is here again observed that no objection was made to the question, and, after the question was answered, the motion to exclude the answer was not based upon the ground that it was not proper cross-examination, but because it was immaterial. It will thus be noted that the only objection raising the question of the propriety of the cross-examination was not made until after the answer was given, and no motion was made to strike out the answer, and, in any event, the question was simply preliminary, and subsequent thereto, without objection, the witness related such conversations as he claimed to have had. There was clearly no reversible error in these rulings. Dinet v. Rapid City (C. C. A.) 222 F. 497.

It is next urged that it appears from the undisputed evidence that the use of the premises in question had been changed from that of a dwelling house to that of a lodging house for transient guests, and that the plaintiff had knowledge of this change, and, having failed to notify defendant, the court should have directed a verdict for the defendant because of the violation of the mortgage clause. If this question is presented by the record, it is by reason of the court's refusal to give instruction No. 2 requested by the defendant. The specification of error, however, does not set out this instruction totidem verbis, as required by Rule 24 of this court. In any event, the question of the alleged change of use of the house, and the alleged knowledge of the plaintiff were, at most, all controverted questions of fact to be determined by the jury. The knowledge brought home to the mortgagee must be actual and not constructive knowledge. Hartford Fire Ins. Co. v. Morris (C. C. A.) 27 F.(2d) 508. The court, in effect, so instructed the jury, and the verdict of the jury is conclusive on the defendant.

The most that can be said with reference to the testimony is that it tended to show that occasionally the insured accommodated a transient lodger. There is nothing to indicate that the premises had not been so occasionally used at or prior to the time of the writing of the insurance, nor was the occasional housing of a transient lodger inconsistent with the use of the premises as a dwelling house; nor, in fact, is there any evidence to indicate that the property had undergone any substantial change. It cannot be said that the evidence showed without dispute that the plaintiff bank knew of the alleged use of the premises as a lodging house, if they were so used, and hence the question was properly a jury question.

The court charged the jury that if the witness Simrall had knowledge of a change of occupancy, transfer, or change of ownership, or increase of hazard prior to the fire, the bank would be charged with such knowledge, provided the jury should further find from the evidence that his duties as director and attorney for the bank were of such nature as to oblige or require him to communicate his knowledge to the other bank officials. The court further charged the jury that knowledge of the bank ordinarily would be such knowledge as would come to the executive officers of the bank charged with the supervision and management of the bank. There is no claim that there was any direct evidence of actual knowledge on the part of Simrall, either of the transfer of title by Moore, or of the alleged change in the use or occupancy of the premises. But it is claimed that by reason of the fact that he was at different times attorney for Moore, and that he had a set of abstract books in his office, and these books showed the transfer in question, he was charged with knowledge. It appears that the abstract books were not kept by Simrall, but by an employee in his office, and the positive evidence is that this transfer was not actually known by Simrall until after the fire. Neither is there any substantial evidence that Simrall had knowledge of any change in use, occupancy, or in hazard prior to the fire. The knowledge contemplated by the mortgage clause in question, requiring the mortgagee to give notice to the insured, is actual knowledge as distinguished from constructive knowledge. It is not enough that by the exercise of diligence the mortgagee could have learned of these changes, either in title, or in the use of the premises, but actual knowledge was necessary. Hartford Fire Ins. Co. v. Morris (C. C. A.) 27 F.(2d) 508; Brown v. Conn. Fire Ins. Co., 197 Mo. App. 317, 195 S. W. 62. The instruction complained of could not, therefore, have been prejudicial to the defendant.

A separate paragraph of appellant's brief is devoted to the question of the weight of the evidence, and it is there argued that

the verdict of the jury is against the weight of the evidence. It is not, however, the function of this court to weigh the evidence, but only to determine whether or not there is substantial evidence to sustain the verdict. Atchison, T. & S. F. Ry. Co. v. Condos (C. C. A.) 30 F.(2d) 669; Flannery v. Willcuts (C. C. A.) 25 F.(2d) 951.

■■ The other specifications go to the action of the lower court in submitting to the jury the question of the alleged vexatious refusal of the defendant to pay the loss under this policy. Section 6337, 1919 Revised Statutes of Missouri, provides that, "In any action against any insurance company to recover the amount of any loss under a policy of fire, cyclone, lightning, life, health, accident, employers' liability, burglary, theft, embezzlement, fidelity, indemnity, marine or other insurance, if it appear from the evidence that such company has vexatiously refused to pay such loss, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed ten per cent. on the amount of the loss and a reasonable attorney's fee; and the court shall enter judgment for the aggregate sum found in the verdict." In this case, the jury assessed, as penalty under this statute, the sum of $213.68, and as attorney's fee the sum of $1,000, and these items were added to the amount due on the policy and judgment entered for the aggregate amount. It is vigorously urged that the court erred, not in the instructions given on this question, but in submitting this question to the jury at all under the facts appearing in the record.

It appears from the record that the defendant's adjuster, in investigating the facts of this case, discovered that there had been a transfer of title which, if known to the plaintiff, would have avoided the policy. It also appears that his investigation disclosed what may reasonably have appeared to him to be evidence of a change in the use of the property increasing the hazard and risk of the insurance company. His investigation also disclosed that the attorney and director of the bank maintained, in connection with his law business, an abstract office, and that the insured was a client of this director and attorney, who apparently was in position to have learned of this transfer.

The burden of proof on this question was on the plaintiff. There was no evidence of any direct demand for payment, either by way of correspondence or by oral negotiations. A very considerable length of time elapsed between the date of the loss and the commencement of the action, and it is noticeable that during this entire time there seems to have been no correspondence whatever between the bank, or anyone representing the bank, and the insurance company. Outside of the mere lapse of time, there is nothing in this record to warrant the conclusion that the failure to pay indicated that defendant's attitude was vexatious and recalcitrant. We are of the view that there is no substantial evidence to sustain this portion of the judgment. Commercial Casualty Ins. Co. v. Fruin-Colnon Contracting Co. (C. C. A.) 32 F.(2d) 425; Non-Royalty Shoe Co. v. Phoenix Assurance Co., 277 Mo. 399, 210 S. W. 37; Aufrichtig v. Columbia Nat. Life Ins. Co., 298 Mo. 1, 249 S. W. 912.

The question is quite fully considered by this court in an opinion by Judge Van Valkenburgh in Commercial Casualty Co. v. Fruin-Colnon Contracting Co., supra, and further discussion of the question here would seem to be quite unnecessary.

The portion of the judgment awarding plaintiff damages and interest should be and is sustained, but that portion of the judgment awarding the plaintiff penalty in the sum of $213.68 and attorney's fees in the sum of $1,000, because of the alleged vexatious refusal to pay the loss, should be and is reversed. It follows that the case should be remanded to the lower court, with directions that the plaintiff remit from the judgment as entered the amount of the penalty and attorney's fee as assessed by the jury, and, as so modified, the judgment will be and is affirmed; but if on notice the plaintiff shall fail to make such remission within thirty days after notice, then the court is directed to grant a new trial. No costs shall be taxed on this appeal for or against either of the parties.