JAMES T. MARCUS, Respondent, v. RHODE IS-LAND INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, February 1, 1915.

FIRE INSURANCE: Sale: Repurchase: Revivor. A policy of fire insurance on a mercantile stock of goods provided that if the assured sold the property without the consent of the company the policy would become void. The assured sold the goods and quit the business, without notice or knowledge of the company. Several months afterwards he purchased them of his vendee, and then in a few days, and within the period of the original insurance, they were destroyed by fire: It was *held*, that the policy became void at the time of the sale and did not revive when the assured repurchased.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

REVERSED.

*Fyke & Snider* for appellant.

(1) When a contract becomes void because of the acts of one of the parties and without knowledge of the other party it remains void and cannot be reinstated without the other party to the contract consenting to such reinstatement. Hoover v. Insurance Co., 93 Mo. App. 111; Imperial Ins. Co. v. Coos County, 151 U. S. 463; German Ins. Co. v. Russell, 65 Kan. 373, 69 Pac. 345; Moore v. Ins. Co., 62 N. H. 240; Kyte v. Ins. Co., 149 Mass. 116, 3 L. R. A. 508. (2) If a fire had occurred at that time or at any time during the period Rosa owned the property plaintiff would not have sustained any loss and any damage caused by the fire would have been the loss of Rosa and not his loss, and would not have been covered by the insurance. Manning v. Insurance Co., 123 Mo. App. 456; Snider v. Murdock, 51 Mo. 175.

*Yates & Mastin* and *C. S. McLane* for respondent.

(1) The conveyance of property in violation of the restriction in the policy does not create a forfeiture if the property is reconveyed before loss. 2 Cooley Briefs on Law of Insurance, 1887, 1889; Power v. Ocean Ins. Co., 19 La. 28; Lane v. Maine Mutual Ins. Co., 12 Me. 44; Worthington v. Bearse, 12 Allen, 382; German Mutual Fire Ins. Co. v. Fox, 96 N. W. 652; Wolfe v. Security Fire Ins. Co., 39 N. Y. 49. (2) A policy having become inoperative because of a violation of the contract provisions becomes reinstated immediately upon the cessation of the condition which has rendered the policy inoperative. Obermeyer v. Ins. Co., 43 Mo. App. 573; Lane v. Maine Mut. Fire Ins. Co., 3 Me. 44.

ELLISON, P. J.—Defendant issued to plaintiff a policy of fire insurance in September, 1912, on his store

and fixtures consisting of a bakery stock. In December following he sold out to one Rosa, who took possession, and plaintiff went into other business. In about three months afterwards, plaintiff bought the stock back from Rosa and received possession from him, when, in about eight days, the property was destroyed by fire. There was a provision in the policy rendering it void if the property was sold. There was no claim that defendant waived the provision. Plaintiff's position is, that while the contract of insurance ceased when he sold the property, yet it revived when he again became the owner, within the original period of the insurance. The trial court took that view and judgment went against defendant not only for the amount of the policy, but for a penalty and an attorney's fee in addition, as a punishment for vexatious refusal to pay.

In this State, provisions in policies of fire insurance which make the contract void if there is other insurance, if the property is left vacant and unoccupied, or if there is a change of ownership, without the consent of the insurer, are valid.

The correctness of this statement of the law is not denied by plaintiff and he resorts to the idea that, after all, the contract had not become void, or at an end, but its force merely remained in abeyance, subject to renewed life if the insured happened to again become the owner of the property.

In this theory in his own behalf plaintiff leaves the defendant altogether out of consideration; and it seems to be assumed as of no consequence what defendant may think about the revivor. The idea is palpably unreasonable and unjust. During an extended term of insurance the insured, under that theory, may conclude to sell, purchase back, resell and repurchase as often as he may please, and thus, of his own will, have the insurer bound, released and rebound, at his own pleasure. It is not suggested how the insurer, in

that mode of doing business, is to know what his ob-
ligations are at any specific time. Nor is it made
known what would become of a business which left it
in the power of one party, at his own will, to destroy
and recreate obligations on the other party.

Plaintiff has cited cases in support of the judg-
ment that deserve notice. Lane v. Ins. Co., 12 Maine
44; Worthington v. Bearse, 12 Allen, 382; Wolfe v.
Ins. Co., 39 N. Y. 49; Power v. Ins. Co., 19 La. 28;
in the first of these the insurance was on the store
building and goods, separately. The building was
"hired" to another and kept a few months and the
goods were sold to him. At the end of a few months
the insured "took back" the goods and paid the vendee
for his time. Then the property burned. The court
held the "hiring" of the building was not an "alien-
ation" provided against in the policy. On the second
branch of the case, it was held that as the term of the
insurance was for six years, it must have been under-
stood by the parties that selling the goods, piece at a
time, and replenishing the stock from time to time, was
not an alienation. The court then said, "we see no dif-
ference in principle between the case where the quan-
tity is diminished by a partial sale and then replen-
ished, and where the whole is sold and entire new stock
is purchased." We think that view has little reason to
sustain it. Certainly the parties contemplated that the
goods would be retailed and replenished during the six
years the policy was to run. But they just as certainly
contemplated that the insured would remain in the
business and himself do the selling and replenishing,
unless he notified the insurer, that he had sold out to
a successor, or had quit the business. The policy pro-
vided that "when the property shall be alienated by
sale or otherwise, the policy shall thereupon be void."
We do not appreciate the course of reasoning which
would say, that because the insured himself may sell
and replenish, and thus himself continue the business

that he may sell out to a third person and quit the business, without, under the plain terms of his contract, putting an end to it.

In the second case there was no absolute sale, the insured retaining his insurable interest. But if he had not, there was no provision in the policy against a sale.

In the third case, there were two transfers. The insured was a married man and transferred the goods to one Stupp, evidently that he might transfer them to the insured's wife, which Stupp immediately did. The husband then assigned the policy to his wife with the consent of the company, which was interpreted to be a consent to the transfer of the goods to her, citing Hooper v. Ins. Co., 17 N. Y. 424.

In the fourth case the insured did not alienate the property "absolutely and permanently," but conditionally, on payment of the purchase money which if not paid was to "revert back to the plaintiff." It is clear that these cases do not meet the question here where the sale was an absolute sale which permanently took the property and the business out of plaintiff and vested it in Rosa, without the knowledge or consent of the defendant and in the face of an express provision of the policy.

In Morrison v. Ins. Co., 18 Mo. 262, supra, Judge Scott said, "The general principle is, that an absolute assignment or sale, after the insurance is made, takes away the insurable interest of the vendor, and creates a bar to the right of action on the policy, unless by some means its existence has been preserved for the benefit of the assignee. After the assured has parted with all his interest in the property insured he stands as though he never had any right in the subject of the insurance, and therefore cannot affect a valid policy upon it. The contract of insurance is no longer a contract of wager; it is a contract of indemnity, and nobody can recover in respect to the loss, who is not really interested. This principle is too obvious to re-

quire a citation of authorities in its support." The judge then goes on to say that if the conveyance is not absolute, but is covered by a mortgage, or a reservation of an interest in the assured, the policy will not be avoided; for, in such case, the assured does not part with an insurable interest. In Obermeyer v. Ins. Co., 43 Mo. 573, 578, the court in speaking of over insurance, said, "Analogous to forfeitures for over-insurance are those that arise from selling the property. Such sale ends the insurance, both because the insurable interest is parted with, and because it is contrary to the usual terms of the policy."

In Hoover v. Ins. Co., 93 Mo. App. 111, the contract provided that if the building insured remained vacant for a space of ten days without the consent of the insurer, the policy should be void. A vacancy of that period occurred, but the property was occupied before the fire. It was held that the policy was not merely suspended during the vacancy, but it became void and was not revived by the reoccupancy.

In Insurance Co. v. Russell, 65 Kansas, 373, there was a provision in the contract that if the property was allowed to become unoccupied and vacant, it would render the policy void and the court held that a reoccupation before the fire would not revive the policy. It was said in that case that the court would "not commit the folly of interpolating into, or adding to, the policies before them a condition that the insurer's liability was suspended during the period of non-occupancy and revived again upon reoccupancy. The parties themselves could have expressed this condition if it had been intended."

To the same effect is Moore v. Ins. Co., 62 N. H. 240 and Ins. Co. v. Hebard, 95 Pa. St. 45. In Imperial Ins. Co. v. Coos County, 151 U. S. 452, 462, the court upheld an avoidance of a policy on much less ground than is found in this case. It was stipulated that "if mechanics are employed in building, altering or repair-

ing the premises,'' the policy should be void. The court said, ''It is immaterial to consider the reasons for the conditions or provisions on which the contract is made to terminate, or any other provision of the policy which has been accepted and agreed upon. It is enough that the parties have made certain terms, conditions on which their contract shall continue or terminate. The courts may not make a contract for the parties. Their function and duty consist simply in enforcing and carrying out the one actually made.'' In that case, the court held (bottom page 465) that the fact that the fire occurred after the employment of mechanics had ceased, did not have the effect to revive the policy. In Kyle v. Ins. Co., 149 Mass. 116, it was provided that the policy should become void if there was an increase of risk without the consent of the insurer. Intoxicating liquors were sold in the building without license and it became a question whether that increased the risk. The insured procured a license before the fire; but it was held that if running the house without a license increased the risk, the policy became void and did not revive on taking out a license before the loss. The court said (p. 123) that as the policy was to be void if the risk was increased it ''did not feel at liberty to qualify the meaning of these words, by holding that the policy is only suspended during the continuance of such increase of risk.''

In view of the foregoing we must reverse the judgment. All concur.