PULASKI SAVINGS & LOAN ASSOCIATION, a corporation, Plaintiff-Respondent,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, Defendant-Appellant.

No. 36761.

Missouri Court of Appeals, St. Louis District, Division Two.

June 15, 1976.

Motion for Rehearing or Transfer Denied July 9, 1976.

Application to Transfer Denied Sept. 13, 1976.

J. H. Cunningham, Jr., Wilson, Cunningham & McClellan, St. Louis, for defendant-appellant.

C. William Portell, Jr., Kappel, Neill, Staed & Wolff, St. Louis, for plaintiff-respondent.

STEWART, Judge.

The defendant, U. S. F. & G., issued its policy of fire insurance to James and Frances Pratz on a residence in the City of St. Louis. Plaintiff, Pulaski Savings and Loan Association, was the holder of a note secured by a first deed of trust on the property. The policy provided that the loss be payable to plaintiff and the holder of a second deed of trust, as their interests may appear. The insured property was partially destroyed by fire. In this action by plaintiff against defendant under the "Standard Mortgage Clause" contained in the policy the trial court entered judgment in the amount of $3,113.33 in favor of plaintiff. On this appeal by defendant we affirm.

The "Standard Mortgage Clause", in part, provides:

> "Loss or damage, if any, under this policy, shall be payable to the mortgagee . . . and this . . . interest . . . shall not be invalidated . . by any change in the title or ownership of the property. . . .

> ". . . the mortgagee . . . shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee; . . . otherwise this policy shall be null and void."

Defendant contends that the policy was null and void because plaintiff had knowledge of a change of ownership in the property and failed to notify defendant of that change.

The case was tried by the court upon a partial agreed statement of facts. The following facts are not in dispute. On August 25, 1969, James and Frances Pratz purchased the subject premises at 6566 McCune Avenue in the City of St. Louis. Subject to the deed of trust now held by plaintiff the

Pratzes executed a loan transfer agreement to plaintiff mortgagee by which they agreed to assume and pay the balance due on the secured note. In March 1971, plaintiff, through its agents, secured a one-year fire insurance policy from defendant naming Mr. and Mrs. Pratz as the insured owners and plaintiff as mortgagee.

On September 14, 1971, Mr. and Mrs. Pratz executed and delivered to William Magee a General Warranty Deed on the property. The deed was not recorded until July 19, 1972.

On or about October 9, 1971, plaintiff received a letter from Hoyt Realty Company, agent for the Pratzes and the holder of a second deed of trust on the property. The pertinent parts of the letter are as follows:

"The above Purchasers [Pratzes] have gone sour and left town. We have nursed the loan along and have actually advanced seven monthly payments to you.

"We now have a purchaser, William Magee and Marie Magee, his wife, who are willing to take the payments over and make some repairs to the building.

"I have already secured a Quit-Claim Deed from Mr. and Mrs. Pratz and all I would require from Pulaski are your Transfer Papers for the new Purchaser."

.    .    .    .    .

"The Transfer Papers should be dated as of Oct. 20, 1971."

In response, the plaintiff sent a letter to Hoyt Realty enclosing loan assumption documents to be signed by Mr. and Mrs. Magee. The documents were not returned and nothing further was heard from Hoyt Realty Company or from Mr. and Mrs. Pratz.

In March, 1972, plaintiff, through its agents, obtained a one year renewal of the fire insurance policy from defendant, again naming Mr. and Mrs. Pratz as the insured owners.

The fire which partially destroyed the premises occurred on August 20, 1972. Following the fire, defendant learned of the transfer of ownership from Pratz to Magee and denied liability on the ground that plaintiff breached the insurance contract by failing to notify defendant of this change in ownership.

In addition to the agreed statement Michael Burdzy, the Chairman of the Board of plaintiff, testified that in response to the letter of October 9, 1971, loan assumption documents were sent to Hoyt Realty Company. They were not returned. No inquiry was made because when assumption documents are not returned plaintiff assumes that the sale has not been consummated.

■ There is no dispute as to the meaning of the word "knowledge" as used in the "Standard Mortgage Clause." As used in the policy "knowledge" means actual knowledge as distinguished from constructive knowledge or notice. *Goodman v. National Liberty Insurance Co. of America,* 228 Mo.App. 327, 65 S.W.2d 1061 (1933); *Concordia Fire Insurance Co. v. Commercial Bank,* 39 F.2d 826 (8th Cir. W.D.Mo.1930).

In *Hartford Fire Insurance Co. v. Morris,* 27 F.2d 508 (6th Cir. N.D.Ohio 1928), with respect to knowledge of an increased hazard it was said l.c. 510:

"It is not enough that they should have had the means of knowledge. It is not enough that, by the exercise of a certain standard of diligence, the mortgagee or the trustee could have learned of the increased hazard."

■ It is equally clear that if plaintiff had actual knowledge of the transfer of the property and did not, as conceded, notify defendant of the change the policy would be void. *Trust Company of St. Louis County v. Phoenix Insurance Company,* 201 Mo. App. 223, 210 S.W. 98 (1919).

The trial court found that "plaintiff did not have actual knowledge of the conveyance of the property."

■ There is no question of the applicable law in this case. We must affirm unless there is no substantial evidence to support the judgment or unless the judgment is against the weight of the evidence. *Murphy v. Carron,* 536 S.W.2d 30, Mo.1976.

The primary basis for defendant's contention that plaintiff had actual knowledge of the transfer of the property is Hoyt's letter of October 9, 1971.

At the time the letter was written the property had been conveyed by the execution and delivery of the warranty deed of September 14, 1971. Plaintiff was not advised of these facts until after the loss occurred. The letter of October 9, directed plaintiff to date the transfer documents as of October 20, 1971. The letter merely advised plaintiff of the contemplated future transaction. The purchase and the delivery of the quit claim deed as contemplated by that letter never took place.

It was evident that many proposed transfers of real estate upon which plaintiff held deeds of trust did not take place. Mr. Burdzy testified that "as a matter of fact after a certain length of time we just assume that apparently the deal fell through. . . ." This is confirmed by the fact that the policy was renewed in the name of Mr. and Mrs. Pratz.

The trial court could reasonably conclude that plaintiff did not have actual knowledge that the property had been transferred. The condition of the policy had not been violated and as to the plaintiff the policy was in full force and effect at the time of the loss. The defendant raises no question with respect to the amount of the recovery.

The judgment is affirmed.

CLEMENS, P. J., and KELLY, J., concur.