**TRANSAMERICA INSURANCE CO., Plaintiff,**

v.

**CARTER COUNTY STATE BANK, Defendant.**

No. S91–105C(5).

United States District Court, E.D. Missouri, Southeastern Division.

June 17, 1992.

Russell F. Watters, St. Louis, Mo., for plaintiff.

Daniel T. Moore, Poplar Bluff, Mo., for defendant.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff has filed for declaratory relief against defendant alleging that it is not liable to the defendant, as a loss payee under an insurance policy mortgage clause, because the defendant has breached certain policy provisions. Specifically, plaintiff alleges that defendant has failed to allow an inspection of records related to the fire loss in question, its officers have refused to answer material questions during their depositions regarding the defendant's relationship with the insured, has refused to cooperate in the investigation of the insurance claim, and failed to notify the plaintiff of a change in ownership of the insured property. This matter is before the Court on the plaintiff's motion for summary judgment, filed March 10, 1992. Defendant has filed a response.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant,* 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.,* 541 F.2d 207, 210 (8th Cir.

1976). With these principles in mind, the Court turns to an examination of the facts.

Located in Van Buren, Missouri is a parcel of property historically known as Peavine. It was developed in the early 1980's as an amusement/recreational park. In 1983, the property was purchased by a group of investors. They formed a corporation known as Peavine, Inc. One of these investors is Robert Wisdom (the defendant in a companion lawsuit brought by plaintiff Transamerica; Cause No. S91–104C).

Beginning in 1982, defendant Carter County State Bank (Bank) made various loans to Peavine, Inc. and/or its stockholders, Robert Wisdom, Dan Phyfer, and Tom Wilson. As collateral for these loans, defendant Bank took as security a deed of trust on a portion of the Peavine property. Another bank, Commerce Bank of Poplar Bluff had a deed of trust on a separate portion of the Peavine property during the relevant time period.

In 1984, Dan Phyfer contacted Tom Croy, President of Tom Croy Insurance Agency (the broker for plaintiff) about insuring the Peavine property. A business deal was struck and Tom Croy Insurance Agency began insuring the Peavine property in 1984. The first policy was No. F12431872 and was issued to Peavine, Inc. In 1988, the policy was re-issued under No. 30194381 to Peavine, Inc. Policy No. 30194381 was issued May 20, 1988 and renewable on an annual basis. Policy No. 30194381 listed defendant Bank and Commerce Bank as the mortgagees on the Peavine property.

In 1985, Peavine, Inc.'s corporate charter was forfeited. Defendant Bank claims that it did not know of the forfeiture. However, defendant Bank had an ongoing business relationship with Peavine, Inc. and the guarantor of its loans, Robert Wisdom. It is undisputed that no one at the Tom Croy Ins. Agency (and therefore the plaintiff) knew of the forfeiture.

From May 20, 1984 until the date of the fire (November 19, 1990), Barbara James, Secretary–Treasurer of Tom Croy Ins. Agency, contacted Mr. Wisdom annually about renewing the policy. Mr. Wisdom annually renewed the policy on the Peavine property with Peavine, Inc. as the named insured owner. Thus, on May 20, 1989, Policy No. 30194381 was renewed for a term effective 5/20/89 through 5/20/90; on May 20, 1990, Policy No. 30194381 was renewed for a term effective 5/20/90 through 5/20/91. The renewal declaration pages for these renewal periods clearly reference # 30194381 as the Policy Number, do not make substantive changes to the terms and conditions of Policy No. 30194381 (only changes are for the amount of insurance to be carried on the individual buildings on the property), and clearly reference Peavine, Inc. as the insured owner. The declaration pages list Carter County State Bank and Commerce Bank of Poplar Bluff as the co-mortgagees. Furthermore, the declaration pages state:

Attach this renewal declarations to your expiring policy. The expiring coverage part forms, endorsements and limits of insurance apply to this renewal unless changes are shown on this declarations or the attached coverage part declarations.

On January 27, 1989 Commerce Bank foreclosed on its portion of the insured real property. Commerce Bank ended up being the purchaser of the foreclosed property. Defendant Bank had notice of the sale and its Executive Vice–President Jeffrey Featherston attended the sale. On March 15, 1989 Commerce Bank sold and conveyed to George and Carol Wisdom all of its interest in the foreclosed portion of property.

On June 2, 1989 Carol and George Wisdom executed a deed of trust in favor of the defendant Bank to secure a loan of $121,150.00. The real property securing the loan and the subject of the deed of trust was the real property conveyed to the Wisdoms by Commerce Bank. The $121,150.00 loan was guaranteed by Robert Wisdom. At the time of the loan, insurance was maintained on the property with Peavine, Inc. as the insured owner. At some point in time during 1989, Peavine, Inc. conveyed all of its interest in the insured property to Carol and George

Wisdom. Defendant Bank financed this conveyance.

On November 19, 1990 the insured buildings on the property were destroyed by fire.

■ The subject insurance policy contains a standard mortgage clause which reads in pertinent part:

2. Mortgage Holders

b. We will pay for the covered loss of or damage to buildings or structures to each mortgage holder shown in the Declarations in the order of precedence as interests may appear.

d. If we deny your claim because of your acts or because you have failed to comply with the terms of this Coverage Part, the mortgage holder will still have the right to receive loss payment if the mortgage holder:

3. Has notified us of any change in ownership, occupancy or substantial change in risk known to the mortgage holder.

Both the plaintiff and the defendant Bank have provided the Court with copies of the Insurance Policy No. 30194381, renewal declarations for Policy No. 30194381, and the affidavits of Tom Croy, Barbara James, and Jeffrey Featherston; as well as responses to interrogatories and requests for admissions.

Plaintiff avers that defendant had actual knowledge of three separate changes in ownership. Plaintiff contends that defendant had actual knowledge of a change in ownership when Commerce Bank foreclosed and bought a piece of the insured property; when Commerce Bank sold the foreclosed property to Carol and George Wisdom; and when Peavine, Inc. conveyed all of its interest in the Peavine property to Carol and George Wisdom. Since the defendant Bank admits that it did not, at anytime prior to the November 19, 1990 fire, notify the plaintiff of a change in ownership of the insured property, plaintiff argues that defendant has breached the terms of the insurance policy (regarding payment to mortgage holder as loss payee) and is not entitled to any insurance proceeds.

Defendant, on the other hand, while admitting that it did not notify the plaintiff of the change in ownership (which it contends only occurred on June 2, 1989), argues that the mortgage clause does not bar recovery for the defendant because the change in ownership occurred during a different policy period. Defendant contends that since the change in ownership occurred during the policy period of 5/20/89–5/20/90 and the fire occurred during the policy period 5/20/90–5/20/91, defendant is not barred from recovery because the fire took place during a policy period when there was no change in ownership. Defendant contends that each renewal was a new policy and that the policy language mandates that a change in ownership (which must be relayed to the plaintiff) must occur during the period in which the "new" policy is in effect; i.e. in this case 5/20/90–5/20/91. Essentially, defendant argues that it is the plaintiff's own fault for issuing "new" policies in the wrong name.

It is well-established under Missouri law that a mortgage holder may not recover insurance proceeds under a standard mortgage clause if the mortgage holder has actual knowledge of a change in ownership of the insured property and fails to notify the insurance company of the change. *St. Louis County National Bank v. Maryland Casualty Co.*, 564 S.W.2d 920 (Mo. App.1978); *Pulaski Savings and Loan Assoc. v. United States Fidelity and Guaranty Co.*, 539 S.W.2d 602 (Mo.App.1976); *Trust Co. of St. Louis County v. German–American Ins. Co. of New York/Trust Co. of St. Louis County v. Phoenix Ins. Co. of Hartford, Conn.*, 201 Mo.App. 223, 210 S.W. 98 (1919). Defendant does not dispute this principle of insurance law in Missouri. Defendant, instead, asserts that the mortgage clause is only applicable during the period of each renewal. It argues that each renewal is actually a new policy and that any breaches that occurred during a previous policy period are cured or forgiven once a new policy period begins. Thus, defendant contends that under the mortgage clause, it could not recover if the fire had occurred during the "new" policy peri-

od 5/20/89–5/20/90 because it had failed to notify the plaintiff of the change in ownership on June 2, 1989. The Court finds defendant's position to be totally meritless.

Firstly, defendant fails to cite the Court any caselaw to support this proposition. Secondly, defendant fails to cite the Court any language in the policy or the declarations which support its broad conclusion that "[i]t is clear from the policy language that the change in ownership must take place during the period that the policy is in effect, and that is not the case here." Defendant's Response to Summary Judgment Motion, pg 4.

■ Under Missouri law, the renewal of an insurance policy is a separate and distinct contract for the period of time covered by the renewal unless it is apparent that the parties merely intended the renewal to constitute a continuation of the old policy. *Meeker v. Shelter Mutual Ins. Co.*, 766 S.W.2d 733, 739 (Mo.App.1989); *DeWitt v. American Family Mutual Ins. Co.*, 667 S.W.2d 700, 705 (Mo.App.1984). The plaintiff has provided the Court with substantial evidence to show that the parties intended the renewals to be a continuation of the old policy. Robert Wisdom approved the renewals each year by phone, the declarations stated that the renewal sheets should be attached to the original policy, each renewal declaration had the same policy number on it, and the only changes made were in regards to the amount of insurance to be carried on each building. Defendant has not offered one piece of evidence which would indicate that the renewals were not intended to be merely continuations of the original policy. The Court finds that the mortgage clause declaring non-payment to the mortgage holder for failure to notify of change of ownership applies throughout the time-period that plaintiff insured the Peavine property. There is no divisible policy period in which the mortgage clause only applies.

Defendant clearly admits to failing to notify the plaintiff of a change of ownership of the insured property. Defendant concedes that under Missouri law, a mortgage clause which requires notification of change of ownership as a condition precedent to recovery, is applicable in such a case as this one. There is no material issue of fact in dispute and thus plaintiff is entitled to summary judgment as a matter of law. Insurance Policy No. 30194381 has a mortgage clause which only allows recovery by the mortgage holder (defendant Bank) if the mortgage holder notifies the plaintiff of a change of ownership. Defendant Bank knew of the change in ownership of the insured property and failed to notify the plaintiff before the fire loss. Consequently, the defendant Bank breached the terms of the insurance policy and cannot recover proceeds thereunder.

### ORDER

In accordance with the memorandum filed herein this day,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment be and is GRANTED. Judgment is entered for plaintiff and against defendant on the merits of plaintiff's complaint.

IT IS FURTHER ORDERED that plaintiff is awarded court costs in this action.

IT IS FINALLY ORDERED that judgment is entered for plaintiff and against defendant on the merits of defendant's counterclaim for insurance proceeds.